# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-005-MOC-DCK

| | |
|---|---|
| SHARON THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| GOODWILL INDUSTRIES and | ) **AND ORDER** |
| MIA HINES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the *pro se* Plaintiff's "Motion For Leave To Amend Complaint" (Document No. 9) filed on January 28, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>grant</u> the "Motion For Leave To Amend Complaint" (Document No. 9). The undersigned will also respectfully recommend that "Defendants' Motion To Dismiss" (Document No. 4) be <u>denied as moot</u>.

## BACKGROUND

The "Complaint" (Document No. 1) was filed by the *pro se* Plaintiff in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on November 26, 2012. Defendants removed the action to this Court on January 4, 2013. <u>Id</u>. Plaintiff now seeks to amend the Complaint in order to clarify claims set out in the original Complaint (Document No. 9).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1) (emphasis added). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); and see, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that

Plaintiff's motion to amend should be granted; however, barring extraordinary circumstances, further amendments to the complaint are unlikely to be allowed.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that "Defendants' Motion to Dismiss" (Document No. 4) be denied as moot. This recommendation is without prejudice to Defendant(s) filing renewed motions to dismiss the Amended Complaint, if appropriate.

It is well-settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion For Leave To Amend Complaint" (Document No. 9) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **February 14, 2013**[1].

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned also respectfully recommends that the "Defendants' Motion to Dismiss" (Document No. 4) be **DENIED AS MOOT**.

**IT IS SO RECOMMENDED.**

Signed: January 31, 2013

David C. Keesler
United States Magistrate Judge

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."