# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-005-MOC-DCK

| | |
|---|---|
| SHARON THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| GOODWILL INDUSTRIES OF THE ) | |
| SOUTHERN PIEDMONT, INC., ) | |
| MIA HINES, MINDY PERRIN, and ) | |
| TINA DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Amended Complaint" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

*Pro se* Plaintiff Sharon Thomas ("Plaintiff" or "Thomas") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on November 26, 2012. Although Plaintiff is appearing *pro se*, the undersigned observes that Plaintiff is not unfamiliar with litigation before this Court. The undersigned notes that Plaintiff has filed several lawsuits in recent years, either with this Court, or that were removed to this Court. See 3:11-CV-386-FDW; 3:11-CV-387-FDW; 3:12-CV-038-FDW; 3:12-CV-486-RJC; 3:13-CV-001-MOC and 3:13-CV-007-RJC. Plaintiff also reveals that she has filed other lawsuits that deal with the same facts involved in

this action that are either pending in state court or in the United States District Court for the Middle District of North Carolina. (Document No. 13, pp.17-18). Based on the foregoing, it appears that Plaintiff is well-acquainted with the standard of review to maintain an action in this Court.

Defendants removed the action to this Court on January 4, 2013. (Document No. 1). Defendants first "…Motion To Dismiss" (Document No. 4) was filed January 11, 2013. Plaintiff then filed a "Motion For Leave To Amend Complaint" (Document No. 9) "in order to clarify the dispute between the parties."

The undersigned issued a "Memorandum And Recommendation And Order" (Document No. 10) granting Plaintiff's motion to amend, and recommending that the first motion to dismiss be denied as moot. Plaintiff was specifically ordered to "file an Amended Complaint on or before **February 14, 2013**." The "Memorandum And Recommendation And Order" (Document No. 10) was affirmed by the Honorable Max O. Cogburn, Jr. on February 22, 2013. (Document No. 11). On February 26, 2013, the undersigned issued an "Order" *sua sponte*, allowing Plaintiff additional time to file her Amended Complaint. (Document No. 11).

Plaintiff's "Amended Complaint" (Document No. 13) was filed March 8, 2013. The "Amended Complaint" generally alleges that Goodwill Industries of the Southern Piedmont, Inc. ("Goodwill"), Mia Hines ("Hines"), Mindy Perrin ("Perrin"), and Tina Doe ("Doe") (collectively "Defendants") all discriminated against Plaintiff on the basis of her race, age, gender, and disability or perceived disability. (Document No. 13, p.4). Specifically, Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified at 42 U.S.C. § 2000e-5(e)(3) and elsewhere), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"),

the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and various North Carolina statutes (including the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1 *et seq.*, and the North Carolina False Claims Act, N.C.G.S. § 1-605 *et seq.*). (Document 13, pp.1-2). Plaintiff also alleges that Defendants are liable for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). (Document No. 13, pp.14-16).

On March 22, 2013, "Defendants' Motion To Dismiss Amended Complaint" (Document No. 16) and "Brief In Support…" (Document No. 17) were filed with the Court. Defendants assert that all Plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 16, p.1). Plaintiff filed a timely response, "Reply In Opposition To Motion To Dismiss" (Document No. 20), on April 8, 2013. "Defendants' Reply Brief…" (Document No. 21) was filed April 18, 2013; and without seeking leave of the Court, Plaintiff filed a sur-reply, "Reply Renewed Objection To Defendants Motion To Dismiss By Plaintiff" (Document No. 22), on May 2, 2013.

The pending motion to dismiss is now ripe for review, and a memorandum and recommendation to Judge Cogburn is appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct.

1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants contend that Plaintiff's claims must be dismissed because Plaintiff "has failed to allege any *facts* whatsoever as to how she was allegedly discriminated or retaliated against . . . or why she is otherwise entitled to recover with respect to her North Carolina statutory or common law claims… and that her claims against Hines, Perrin, and Doe cannot be maintained as a matter of law." (Document No. 17, p.4).

**A. Employment Discrimination**

This Court recently issued an "Order" (3:12-CV-038-FDW, Document No. 58) dismissing a previous action filed by this Plaintiff, which the undersigned finds instructive in this case.

> Title VII makes it an "unlawful employment practice" for any employer "to fail or refuse to hire ... or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Establishing a prima facia case of failure to hire Title VII requires a plaintiff to show: (1) she is a member of a protected class; (2) she applied to the position in question; (3) she was qualified for the position; and (4) she was rejected for the position in favor of someone not a member of the protected group under circumstances giving rise to an inference of unlawful discrimination. See Woodley v. Blue Cross Blue Shield of S.C., 3:06–2180–JFA–JRM, 2008 WL 746996 (D.S.C. Mar. 18, 2008) (citing Alvarado v. Bd. of Trustees of Montgomery Cmty. Coll., 928 F.2d 118, 121 (4th Cir. 1991)). "Although Plaintiff is not required to plead a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion, [s]he nonetheless retains the burden of alleging facts sufficient to state all the elements of [her] claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764–65 (4th Cir. 2003).

Thomas v. North Carolina, 3:12-CV-038-FDW, 2013 WL 566481 at *6 (W.D.N.C. Feb. 13, 2013); see also, Thomas v. Duke University, 3:11-CV-387-FDW, 2012 WL 4753299 (W.D.N.C. Oct. 4, 2012). In Thomas v. North Carolina, this Court determined that Plaintiff had failed to make "a cognizable claim for employment discrimination." Id. In that case, as in the current case, "Plaintiff conclusorily alleges she was not considered for numerous unnamed positions because of her race, age, sex, and disability, [but] she does not assert facts establishing the plausibility of those allegations." Id.

Here, Plaintiff again broadly alleges discrimination, but fails to make sufficient factual allegations to support her claim. The "Amended Complaint" states that

> On or about March through May 2011, Plaintiff registered with Goodwill for supportive Services in helping to get supportive services in her efforts to get training and/or employment.
> . . .
> June 2011 - March 2012 Plaintiff continued diligent efforts to get employment by using various staffing agencies and using online employment search organizations, such as Career Builder and applied directly to corporations usually online.

(Document No. 13, pp.5-6). As noted by Defendants, Plaintiff "never specifies a particular position for which she applied and was qualified." (Document No. 17, p.7; Document No. 21, p.21). In fact, the above statements suggest that Plaintiff sought more general assistance from Goodwill, rather than applying for any specific position(s). As in Thomas v. North Carolina, even if Plaintiff did apply for specific positions, she "fails to sufficiently allege that she was qualified for the positions to which she applied (and was rejected) or that someone outside the protected class was hired to fill those positions." Thomas, 2013 WL 566481 at *6.

The undersigned further observes that in response to the pending motion to dismiss, Plaintiff attached a letter from Defendants that supports Defendants' argument that Plaintiff never applied for a specific position:

> Ms. Thomas has not been contacted for an interview to date due to the inability to match her qualifications to available positions. Furthermore, at no time has GWS recruited for a Social Worker or Case Manager position. . . . Ms. Thomas has not been considered for employment opportunities through GWS because there have been no available positions that align with her qualifications.

(Document No. 20, p.9).

Consistent with this Court's sound reasoning in its recent consideration of very similar claims by this same Plaintiff, the undersigned recommends that Plaintiff's claims of discrimination be dismissed for failure to "sufficiently plead facts to state a plausible claim for discrimination." Thomas, 2013 WL 566481 at *6; see also, Thomas v. State of North Carolina,

*et al.*, 3:13-CV-001-MOC-DCK, Document No. 34, p.2 (W.D.N.C. May 10, 2013) ("This court has carefully reviewed the Amended Complaint in the light most favorable to plaintiff and cannot find that she has made sufficient plausible allegations of fact to support the seven causes of action she has attempted to allege.").

**B. Retaliation**

Plaintiff's allegation of retaliation by Defendants is at best vague and conclusory. Plaintiff suggests that she has suffered retaliation "as a result of Plaintiff's protected activity against prior and perspective employers." (Document No. 13, p.9) Plaintiff seems to contend that Defendants somehow gained knowledge of Plaintiff through its professional affiliations with government entities and/or the Society for Human Resource Management ("SHRM"). (Document No. 13, pp.10-13). Even if Defendants were aware of Plaintiff's litigation history, there is no support in the Amended Complaint for an allegation that Defendants retaliated against Plaintiff based on those prior actions.

In short, the undersigned finds that Plaintiff has failed to allege any factual allegations to support a plausible claim for retaliation by Defendants.

**C. Intentional and/or Negligent Infliction of Emotional Distress**

To the extent Plaintiff is asserting claims for intentional and/or negligent emotional distress, the undersigned again finds that a previous decision by this Court dismissing similar claims by Plaintiff is instructive:

> A claim of IIED requires that the conduct be "extreme and outrageous" as a matter of law. Wilson v. Southern Nat. Bank of North Carolina, Inc., 900 F.Supp. 803, 811–12 (W.D.N.C. 1995). Moreover, North Carolina courts have stated that "[i]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Id.

> Plaintiff's allegations fail to show that [Defendants] refused to hire her based on her race, age, sex, and perceived disability; therefore, there is no support to prove [Defendants'] conduct was extreme and outrageous. Similarly, Plaintiff's NIED claim fails to overcome the North Carolina standard because the Complaint lacks the material factual allegations of actions other than intentional acts. Mitchell v. Lydall, 1994 WL 38703, at *3 (4th Cir. 1994); see also Bratcher v. Pharmaceutical Product Development, Inc., 545 F.Supp.2d 533, 545 (E.D.N.C. 2008). Plaintiff's Complaint only alleges intentional acts of discrimination by [Defendants], and thereby does not meet the North Carolina standard for an NIED claim.

Thomas v. Duke University, 3:11-CV-387-FDW, 2012 WL 4753299 at *5.

The undersigned is not persuaded that Defendant is liable for any infliction of emotional distress simply because it failed to hire Plaintiff for some unspecified position(s). Again, the "Amended Complaint" lacks sufficient factual allegations to support a plausible claim. Plaintiff's argument that Defendants are liable for any infliction of emotional distress because they knew, or should have known, that their conduct as described in the Amended Complaint would offend and humiliate Plaintiff and thus cause severe emotional distress, is without merit. The Amended Complaint simply fails to allege "extreme and outrageous conduct" supporting a claim of IIED or NIED.

**D. State Claims**

Since Plaintiff has failed to state a claim arsing under federal law, the undersigned recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. See Thomas v. The Elna B. Spaulding Conflict Resolution Center, 3:12-CV-486-RJC (Sept. 20, 2012) (citing 28 U.S.C. § 1367(c)(3)).

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss Amended Complaint" (Document No. 16) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 17, 2013

David C. Keesler
United States Magistrate Judge