UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00005-MOC-DCK

| | | |
|---|---|---|
| **SHARON THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GOODWILL INDUSTRIES OF THE** | ) | |
| **SOUTHERN PIEDMONT, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and
Recommendation issued in this matter. In the Memorandum and Recommendation, the
magistrate judge advised the parties of the right to file objections within 14 days, all in
accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been
filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court
shall make a *de novo* determination of those portions of the report or specific proposed
findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby
v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal
issues are raised and no factual issues are challenged, *de novo* review of the record may
be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de
novo* review is not required by the statute "when a party makes general or conclusory
objections that do not direct the court to a specific error in the magistrate judge's
proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby v. Davis</u>, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff has filed several lawsuits in recent years, either with this court, or in state court, which were then removed to this court by defendants. <u>See</u> 3:11-CV-386-FDW; 3:11-CV-387-FDW; 3:12-CV-038-FDW; 3:12-CV-486-RJC; 3:13-CV-001-MOC and 3:13-CV-007-RJC. In addition, plaintiff has filed other lawsuits involving the same facts as alleged herein in other state and federal courts, which remain pending. Despite such, this court allowed plaintiff to amend her Complaint, and she now alleges that defendant was discriminated against her on the basis of her age, race, gender, and disability or perceived disability, all in violation of various provisions of federal and state law. Plaintiff has also asserted claims that defendants are liable for intentional and negligent infliction of emotional distress in violation of state law.

Defendants contend that plaintiff's claims must be dismissed under Rule 12(b)(6) because Plaintiff "failed to allege any facts whatsoever as to how she was allegedly discriminated or retaliated against . . . or why she is otherwise entitled to recover with respect to her North Carolina statutory or common law claims…." Motion to Dismiss (#17) at 4. As pointed out by Judge Keesler in his Memorandum and Recommendation, despite broad allegations of discrimination, plaintiff has failed to allege that she ever applied with defendants for any particular position for which she was qualified. Indeed, read in a light most favorable to plaintiff, it appears that she has alleged that she applied

to Goodwill for general, charitable assistance rather than any particular position. Thus, plaintiff has not plausibly alleged even the threshold for any federal or state claim raising an employment discrimination claim, to wit, that she applied for a position of employment for which she was qualified, but was rejected for some protected reason, or that a person outside the protected class was hired rather than her.

> Although Plaintiff is not required to plead a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion, [s]he nonetheless retains the burden of alleging facts sufficient to state all the elements of [her] claim.

Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764–65 (4th Cir. 2003). Indeed, plaintiff's own evidence submitted in response to defendants' Motion to Dismiss indicates that she never applied for any position with Goodwill for which she was qualified. Such letter from defendants, provided as follows:

> Ms. Thomas has not been contacted for an interview to date due to the inability to match her qualifications to available positions. Furthermore, at no time has GWS recruited for a Social Worker or Case Manager position. . . . Ms. Thomas has not been considered for employment opportunities through GWS because there have been no available positions that align with her qualifications.

Response (#20) at 9.

Plaintiff's claims that Goodwill and the other defendants retaliated against her for engaging in protected activity as to other prospective employers is, at best, speculative as plaintiff contends that Goodwill somehow gained knowledge of plaintiff's litigious nature through affiliations with government entities and/or the Society for Human Resource Management. Even if the court were to assume that Goodwill somehow knew of plaintiff's litigiousness, there are no plausible allegations as to how Goodwill acted on

such knowledge and retaliated against her.

Likewise, plaintiff's claims of intentional and negligent infliction of emotional distress are not viable.

A claim of IIED requires that the conduct be "extreme and outrageous" as a matter of law. Wilson v. Southern Nat. Bank of North Carolina, Inc., 900 F.Supp. 803, 811–12 (W.D.N.C. 1995). The elements of that tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Hogan v. Forsyth Country Club, 79 N.C. App. 483, 488, disc. rev. denied, 317 N.C. 334 (1986). Where a plaintiff's complaint fails to allege facts sufficient to set forth extreme and outrageous conduct, the IIED claim is subject to dismissal pursuant to Rule 12(b)(6). Johnson v. Bollinger, 86 N.C. App. 1, 6 (1987). Plaintiff's contention that defendants knew, or should have known, that their conduct as described in the Amended Complaint would offend and humiliate her and thus cause severe emotional distress, is conclusory as it finds no support in allegations of plausible facts.

As to plaintiff's claim of negligent infliction of emotional distress, claims of intentional acts will not support a claim of negligent infliction of emotional distress. The essential elements of a claim for negligent infliction of emotional distress include the following:

1. the defendant negligently engaged in conduct;

2. it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress or mental anguish; and

3. the conduct did in fact cause the plaintiff severe emotional distress.

<u>Pardasani v. Rack Room Shoes. Inc.</u>, 912 F. Supp. 187, 192 (M.D.N.C. 1996). The only acts plaintiff has complained are its supposed failure to hire her based on various protected reasons, which is by their very nature would, if adequately alleged, be intentional acts. This manner of pleading negligent infliction has long been held to be insufficient:

> The district court likewise dismissed Mitchell's negligent infliction of emotional distress claim after holding that this tort requires a showing of outrageous conduct. We decline to review that holding because we believe the negligent infliction claim should have been dismissed for a more basic reason: Mitchell's complaint does not allege any negligent acts by Lydall. <u>See</u> <u>Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.</u>, 395 S.E.2d 85, 97 (N.C.1990) ("to state a claim for negligent infliction of emotional distress, a plaintiff must allege that (1) the defendant negligently engaged in conduct, . . ."). Mitchell's complaint contains merely a single, conclusory allegation that Lydall was negligent; the material factual allegations charge nothing but intentional acts by Lydall in failing to accommodate Mitchell's MS condition and in discharging him. Taking these material factual allegations as true and construing them in the light most favorable to Mitchell . . . we must conclude that they do not state a claim for negligent infliction of emotional distress.

<u>Mitchell v. Lydall, Inc.</u>, 1994 WL 38703, *3 (4th Cir. 1994). A claim for *negligent* infliction of emotional distress is, therefore, subject to dismissal when "the material factual allegations charge nothing but intentional acts . . . ." <u>Id.</u> Thus, Judge Keesler has properly recommended the dismissal of plaintiff's state law claims.

The court has carefully reviewed the Memorandum and Recommendation in light of petitioner's Objection, which simply reiterates and reinforces arguments she made before Judge Keesler. After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the

applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#23) is **AFFIRMED,** plaintiff's Objections (#24) are **OVERRULED**, defendant's Motion to Dismiss Amended Complaint is **GRANTED,** and the Amended Complaint is **DISMISSED**.

Signed: July 22, 2013

Max O. Cogburn Jr.
United States District Judge